UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICK MILETAK,

        Plaintiff,

    v.

AT&T SERVICES, INC.,

        Defendant.

_____/

No. C-12-5326 EMC

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE SETTLEMENT AGREEMENT**

**(Docket No. 25)**

      On June 4, 2015, Plaintiff Nick Miletak filed a *pro se* motion to set aside a settlement agreement[1] he reached in 2013 with Defendant AT&T Services to resolve this litigation, and asks this Court to set this action for trial. Docket No. 25 (Motion). Miletak brings the instant motion under Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3). *See id.* The motion is wholly without merit and is therefore **DENIED**. The hearing on Miletak's motion, currently scheduled for July 16, 2015, is accordingly **VACATED**.

      Federal Rule of Civil Procedure 60(b)(3) provides that the Court "may relieve a party or its legal representative from a final judgment" due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an *opposing party*." Fed. R. Civ. P. 60(b)(3) (emphasis added). Here, Miletak's Rule 60(b)(3) motion fails for at least two fundamental reasons.

---

[1] The settlement agreement contains a confidentiality clause which prohibits Miletak from disclosing even the existence of the settlement except in certain circumstances which do not apply here. Through the various filings made in this case, Miletak has now made the existence of the agreement a matter of public record, although the actual agreement has been sealed by the Court. The Court will not discuss any of the terms of the settlement agreement in this Order.

First, Miletak admits in his motion that his opponent, Defendant AT&T Services, did not commit any fraud. *See* Motion at 2 ("This motion in no way attempts to suggest wrongdoing by the Defendant or its counsel. Plaintiff believes that at all times during litigation the Defendant and its counsel acted ethically and negotiated in good faith."). Rather, Miletak claims that his own attorney defrauded him by failing to disclose that he did not have professional liability insurance and by refusing to immediately withdraw from representing Miletak upon Miletak's request. Even if this conduct could be called fraudulent, Miletak's attorney is not an "opposing party," and thus Miletak is not eligible for relief under Rule 60(b)(3). *See Chang v. Rockridge Manor Condominium*, No. C-07-4005 EMC, 2010 WL 3063185, at *3 (N.D. Cal. Aug. 3, 2010) (Chen, J.) (recognizing that "Rule 60(b)(3) concerns misconduct by an opposing party only"). In any event, Miletak's motion is untimely. Rule 60(c)(1) provides that any motion for relief from final judgment brought under Rule 60(b)(3) must be brought "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Here, Miletak's motion was filed more than one year after the entry of final judgment in this case. Thus, his Rule 60(b)(3) motion is without merit. *See Chang*, 2010 WL 3063185, at *4 (finding Rule 60 motion time barred because of failure to comply with Rule 60(c)(1)'s one year rule).

Miletak's motion under Rule 60(d)(3) is similarly without merit. Rule 60(d)(3) gives the court power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). As this Court has previously explained, "'fraud on the court' is read narrowly to mean 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.'" *Chang*, 2010 WL 3063185, at *4 (quoting *Appling v. State Farm Mut. Auto Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003)). Such fraud "must be established by

///
///
///
///
///

United States District Court
For the Northern District of California

clear and convincing evidence. *Chang*, 2010 WL 3063185, at *4 (citing *England v. Doyle*, 281 F.2d 304, 309-10 (9th Cir. 1960)). Miletak has presented no such evidence of fraud *on the court*, nor could he. The claimed fraud was perpetrated by his attorney against *him*, and has nothing to do with the "integrity of the judicial process itself." *Id.* at *4.

This order disposes of Docket No. 25.

IT IS SO ORDERED.

Dated: July 2, 2015

_____
EDWARD M. CHEN
United States District Judge