UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MILETAK, | No. C-12-5326 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| AT&T SERVICES, INC., | **(Docket No. 38)** |
| Defendant. | |

On July 2, 2015, this Court issued an order denying *pro se* Plaintiff Nick Miletak's motion to set aside the settlement agreement in this case, finding that Miletak's motion was both untimely and "wholly without merit." Docket No. 37. Miletak has now filed a motion for reconsideration of this Court's July 2 order, arguing that the Court erroneously concluded that Miletak's attorney had not committed fraud on the Court,[1] and thus refusing to permit Miletak to set aside the settlement agreement reached in May 2013. *See* Docket Nos. 23, 37. Miletak's motion for reconsideration is **DENIED**.

This Court's Civil Local Rules provide that a party seeking reconsideration must demonstrate at least one of the following: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," and the party "applying for reconsideration did not know such fact or law at the time of the interlocutory order" despite exercising "reasonable diligence"; or (2) "[t]he emergence of new

---

[1] In his motion for reconsideration, Miletak now concedes that his alternative argument under Federal Rule of Civil Procedure 60(b)(3) "is NOT an appropriate remedy for the current motion." Docket No. 38 at 3 (capitalization in original).

material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." Civil Local Rule 7-9(b)(1)-(3). Miletak's motion for reconsideration does not satisfy any of these factors. Instead, Miletak's motion for reconsideration is an impermissible repetition of the arguments this Court has previously rejected. *See* Civil Local Rule 7-9(c) (providing that "[n]o motion . . . for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered"). Miletak citation to a smattering of "new" cases (all decided between 1878 and 1993) does not satisfy the standard of Rule 7-9. *See* Docket No. 38 (Mot.) at 3-4; *see also* Civil Local Rule 7-9(b)(1). Moreover, the "new" cases cited by Milteak are not on point, and Miletak's position is still incorrect on the merits. Miletak contends that his attorney's alleged misrepresentations *to him* regarding whether the attorney was complying with the terms of their retainer agreement amounts to fraud on *the Court*. It does not. *See* Docket No. 37. Nor is Miletak correct in his assertion that his attorney's apparent refusal to immediately withdraw from his representation of Miletak constitutes fraud on *the Court*. As this Court has previously explained, "'fraud on the court' is read narrowly to mean only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Docket No. 37 (citations omitted). Thus, Miletak's motion for reconsideration is denied.

    Miletak is further advised that this Court's Local Rules permit the imposition of sanctions against litigants who file improper motions for reconsideration, such as those that merely repeat arguments previously rejected by the Court. *See* Local Rule 7-9(c) (providing that "[a]ny party who violates this restriction [against repetition of argument] shall be subject to appropriate sanctions"). This Court has now twice found that Miletak's recent filings have been without any legal merit. Should Miletak again file a motion for reconsideration or other request for relief that this Court deems meritless, the Court will seriously consider the imposition of appropriate monetary sanctions

against Miletak (*e.g.*, ordering Miletak to reimburse Defendant AT&T Services for the cost and expense of responding to Miletak's meritless filings).

Defendant's motion to file portions of its opposition papers under seal is **GRANTED**. Docket No. 39.

This order disposes of Docket Nos. 38 and 39.

IT IS SO ORDERED.

Dated:  August 12, 2015

_____
EDWARD M. CHEN
United States District Judge

3