UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MILETAK, <br> Plaintiff, <br> v. <br> AT&T SERVICES, INC., <br> Defendant. | Case No. 12-cv-05326-EMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE SETTLEMENT AGREEMENT** <br><br> Docket No. 54 |

In 2013, pro se Plaintiff Nick Miletak entered into an agreement with Defendant AT&T Services, his then-employer, to settle a lawsuit involving state law claims for retaliation. Mr. Miletak now attempts, for the third time, to set aside the settlement agreement. This attempt, like his two previous attempts, is both untimely and substantively meritless. Accordingly, his motion to set aside the settlement agreement is **DENIED**.

## I. BACKGROUND

The April 2013 settlement agreement between Mr. Miletak and AT&T provided that Mr. Miletak would, in return for monetary consideration from AT&T, resign from his employment with AT&T and would be ineligible for reemployment with AT&T. *See Miletak v. AT&T Servs., Inc.*, No. 17-cv-00767-EMC (N.D. Cal. filed Feb. 16, 2017), Docket No. 39 at 1–2. This Court has detailed the background behind that settlement agreement and Mr. Miletak's two unsuccessful attempts to set it aside in 2015 and 2016. *See id.*

Mr. Miletak filed the instant motion to set aside the agreement on December 19, 2018. *See* Docket No. 54 ("Mot."). In it, he claims that "the settlement agreement between the parties occurred because of fraud" and "counsel for the Defendant conspired with the Plaintiff's attorney to reach an[] unjust conclusion to the litigation." Mot. at 10. In particular, Mr. Miletak asserts

that he requested that his attorney cease representing him in this case on April 1, 2013, but his attorney continued to negotiate with AT&T on his behalf, and ultimately reached the settlement agreement which he signed on April 6, 2013. *Id.* at 10–11. According to Mr. Miletak, he was "fraudulently" informed by his attorney that "technically I am still your attorney until the Court receives the substitution of attorney form" and he "rel[ied] solely" on his attorney's fraudulent statement in signing the settlement agreement. *Id.* at 11. Mr. Miletak argues that this purported fraud is a basis for setting aside the settlement agreement under Federal Rule of Civil Procedure 60(b)(6). *See id.* at 10.

## II. DISCUSSION

### A. Relief from Final Judgment

Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment." "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Heeding the Supreme Court's admonitions, the Ninth Circuit has held that the "rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988)).

Mr. Miletak's Rule 60(b)(6) motion fails for two reasons. First, it is untimely. A motion under Rule 60(b)(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Mr. Miletak filed this motion more than five years after he entered into the settlement agreement with AT&T, and eighteen months after his last attempt to set aside the agreement was denied. He does not point to any basis for the motion that he could not have learned earlier, and the only reason he offers for the delay is that he was "educating himself on the subject matter and procedural requirements necessary to continue as a self-represented litigant." Mot. at 5. Even if a

2

pro se litigant may require more time than a represented litigant to develop legal arguments, that does not account for the significant delay in bringing this motion. *See Alpine Land*, 984 F.2d at 1049 ("Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests.").

Second, even if the Court were to reach the merits of Mr. Miletak's motion, he has not demonstrated that "extraordinary circumstances" warrant granting Rule 60(b)(6) relief. His contention is the settlement agreement should be set aside because his attorney falsely claimed that he could continue negotiating the settlement on Mr. Miletak's behalf even after Mr. Miletak had expressed his desire to terminate the attorney-client relationship. Mr. Miletak has not cited any authority to suggest that his attorney's alleged conduct constitutes an extraordinary circumstance under Rule 60(b)(6). Nor does he offer any explanation why he still chose to sign the settlement agreement even after he insisted he no longer wanted to be represented by his attorney. "Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge . . . ." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006).

The case upon which Mr. Miletak relies, *More v. Lew*, 34 F. Supp. 3d 23 (D.D.C. 2014), affirms that the conduct he complains of does not rise to the level of an extraordinary circumstance. There, the court denied the 60(b)(6) motion brought by a plaintiff in an employment discrimination case, even though the plaintiff claimed that his attorney told him when he asked to retain new counsel that "he could not do so until he paid his outstanding legal fees," that the attorney "accepted an offer by Defendant not to move for costs in exchange for foregoing an appeal without his permission," and did not inform him of a conflict of interest with his co-plaintiffs. *Id.* at 28–29. The plaintiff also alleged that the defendant's counsel committed fraud by "advis[ing] key witnesses to falsely testify." *Id.* at 28. The court determined that the plaintiff had "not made a showing of the 'extraordinary circumstances' required for relief under Rule 60(b)(6)." *Id.* at 30. Mr. Miletak has likewise failed to make the requisite showing here.

B.  Sanctions

This Court has previously advised Mr. Miletak that "[s]hould Miletak again file a motion for reconsideration or other request for relief that this Court deems meritless, the Court will seriously consider the imposition of appropriate monetary sanctions against Miletak (*e.g.*, ordering Miletak to reimburse Defendant AT&T Services for the cost and expense of responding to Miletak's meritless filings)." Docket No. 42 at 2–3. AT&T now asks for an award of the $3,500 in fees it expended in opposing the instant motion. *See* Docket No. 59 at 8.

As a procedural matter, the Local Rules require "[a]ny motion for sanctions, regardless of the sources of authority invoked," to "be separately filed." N.D. Cal. Civ. L.R. 7-8(a); *see also* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Thus, to seek sanctions, AT&T must file a separate motion. *See Martinez v. City of Pittsburg*, No. C 11-01017 SBA LB, 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012) (finding that a request for sanctions made as part of a motion to compel fails because "all motions for sanctions must be filed as separately noticed motions").

### III.  CONCLUSION

For the foregoing reasons, Mr. Miletak's motion to set aside the settlement agreement is **DENIED**. AT&T may separately file and notice a motion for sanctions in accordance with Local Rule 7-8(a) and Rule 11(c).

This order disposes of Docket No. 54.

**IT IS SO ORDERED**.

Dated: January 15, 2019

EDWARD M. CHEN
United States District Judge

4